# In the United States Court of Federal Claims

No. 21-1380

Filed: February 7, 2022

|  |  |
|---|---|
| CLETUS JOHN ROBERT FRANKLIN, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) |

## ORDER

**MEYERS, Judge**.

    Cletus John Robert Franklin brings this action *pro se* to recover an income tax refund for 2019 and Economic Impact Payments under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). When Mr. Franklin filed his Complaint, he was incarcerated in Sevierville, Tennessee. He has not paid the required filing fee and seeks to proceed *in forma pauperis*.

    The Government opposes Plaintiff's motion to proceed *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") bars a prisoner from proceeding *in forma pauperis* if three or more prior actions or appeals brought by the prisoner have been dismissed as frivolous, malicious, or for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) ("Three Strikes Rule"). Here, the Court can only identify one prior dismissal that clearly qualifies as a PLRA strike—*Franklin v. Chumley*, No. 15-2546-JDT-TMP, 2016 WL 3945855 (W.D. Tenn. July 19, 2016). In *Chumley*, the Court's order states:

> The Court DISMISSES Franklin's complaint as to the Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to Amend is DENIED because the deficiencies in Franklin's complaint cannot be cured.  It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

2016 WL 3945855, at *7.  The district court identified its dismissal as a strike.

The Government argues that two more of Mr. Franklin's prior lawsuits qualify as strikes.  But the Court is not convinced that the dismissals of Mr. Franklin's other actions or appeals for lack of prosecution constitute strikes.  Indeed, relying on the same record, the Eastern District of Tennessee declined to find Mr. Franklin a three-strike offender and this Court sees no reason to do otherwise here.  *See Franklin v. Rausch*, Civ. No. 20-515 (E.D. Tenn.).  Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

The Court also understands that Mr. Franklin has been released from prison during the pendency of this action but has not updated the Court with his new mailing address.  The Government has obtained his current address and served him with all documents on the Court's docket.  *See* ECF No. 21.  The Court ordered Mr. Franklin to file a change of address with the Clerk's Office and provided him with the proper forms to file.  ECF No. 22.  The Clerk's Office served the Court's order to file a change of address on Mr. Franklin at the address the Government obtained for Mr. Franklin.  Mr. Franklin has not updated his contact information with this Court and appears to have abandoned his action here.

Given that Mr. Franklin has not updated his address information or otherwise complied with the Court's Order in the five months since it was issued, the Court **DISMISSES** this action without prejudice under Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**


 s/ Edward H. Meyers
Edward H. Meyers
Judge